Your Honors, the question in this case is a lot easier to ask than it's going to be to answer. And it's does... Justice Breyer I agree with that. Noel Lerma Does Texas... Justice Breyer It's the understatement of the day. Noel Lerma Well, I'm going to try to help the Court get there as best I can. Justice Breyer All right. Noel Lerma So the question is, does the Texas offense of aggravated robbery qualify as a violent felony under the Force Clause, because in each and every case it requires proof of the use, the attempted use or threatened use of violent physical force. Now, for more than a decade, the rule in this Court has been that an element of causing or threatening to cause injury is not the same as an element using or threatening to use force. And this Court recently reaffirmed that important narrowing principle, and it controls the outcome of this case, because unlike the vast majority of state robbery statutes and even the federal bank robbery statute, Texas's aggravated robbery statute speaks in terms of injury or threats of injury, not force and threats of force. And that means that Mr. Lerma's convictions cannot qualify as OCA predicates without the residual clause. Now, there are a lot of issues swirling around in this case, and they present multiple forks in the road for this Court's analysis. But I wanted to be clear before we get into that, that no matter what path the Court chooses today, Mr. Lerma should agree with the government that the Texas robbery statutes are entirely divisible. And even if the government were correct that the Supreme Court's opinions in Castleman and Voisin eliminated the injury versus force distinction, the particular means that were at issue in Mr. Lerma's conviction, and that is threatening injury or placing another in or exhibition of a deadly weapon, has been stretched by Texas courts to cover conduct that simply did not require, where the prosecution was not required to prove that the defendant either conveyed or intended his conduct to convey a threat to injure, much less a threat to actively employ violent force, which is what this force clause requires. So that brings me to the first issue, and that is divisibility in this case. Now, under the Supreme Court's recent opinion in United States versus — excuse me, Mathis versus United States, divisibility is easy in this case. We've cited in our briefs the Texas Court of Appeals opinions in Burton and Woodard, and those are concrete examples of cases where the defendant was charged with either both underlying forms of committing a robbery statute in a single count of conviction, and the jury was not required to be unanimous. That ends the Mathis inquiry, because unanimity is the lodestar of the Mathis inquiry. And if the jury didn't have to be unanimous as to the different alternatives, then those alternatives are means. They are not elements under Mathis. And you've also got the Court of Criminal Appeals opinion in Cooper. Now, that's a double jeopardy decision, but what it illustrates is that the underlying forms of robbery in the Texas robbery statute, and that is robbery by causing bodily injury or robbery by threatening or placing an individual in fear of injury, are not separate offenses that could be — that could support separate convictions in a single criminal transaction. What that means is that they don't have a different element that would prevent the double jeopardy bar from coming in. And so that just reinforces the fact that a jury doesn't have to agree and that these are different — these are not different offenses that — made up of different elements. They are simply means of committing a single robbery or aggravated robbery offense. What about the Cooper case? What's that, Your Honor? Cooper case. Cooper. Cooper is the most — is the highest court of criminal — or the highest court in Texas' decision in Cooper, the majority held there, that you cannot convict a person of doing a fear robbery and a threat robbery to the same person in the same single transaction. I mean, but doesn't that case just stand for the proposition you can't charge a defendant with two crimes when you — when it's all one transaction? Absolutely, Your Honor, it does. But the follow-on to that proposition is that these cannot be — if these were different offenses, as the unanimity or, excuse me, as the divisibility analysis requires, then they would be able to be charged as different crimes in a single transaction. It's kind of like an individual who commits an aggravated assault and — or could be convicted of aggravated assault and attempted murder on the same victim because there's different elements there that each of the two crimes requires. But the underlying forms of robbery are not separate elements or separate crimes that have separate elements. But we don't even need Cooper to get where the court needs to go today. Burton and Woodard are examples. And Burton has been followed twice since it came out in January by two Fort Worth Court of Appeals. So that's three cases since January where a defendant in Texas has been convicted of either — where both underlying robberies were charged, but the jury wasn't required to be unanimous. So it would be news to those defendants, if this Court were to hold, that unanimity actually is required in the statute. I think they would want to have their cases reheard. And Woodward said that there are means, right, that those subdivisions are means? Absolutely, Your Honor. Well, I want to clarify. Woodard said that the underlying aggravated — or the underlying robbery, causing injury, or using — or threatening or placing in fear are separate elements. But then it said that the aggravators are indivisible means. Well, isn't that what we're talking about, though, the individual aggravators? It depends on where the court's analysis goes. The whole statute is important here, because if the least culpable conduct, if the underlying robbery is indivisible and the aggravators are indivisible, is merely causing injury to a person over 65. And that would — that would clearly fall under this Court's injury versus force distinction. Now, if you were to decide that the underlying robbery alternatives are divisible and that you could narrow between them with the modified categorical approach, but then reach the conclusion that the aggravators are indivisible, then we'd be looking at a robbery by threat or placing in fear aggravated by any one of the three different aggravators. And so the least culpable one, again, would be just simply that the offense was on a person over the age of 65. I'd like for you to save some time to analyze it as a non-divisible — that we're looking at robbery, because robbery would be the least culpable way of committing the offense. Yes, Your Honor. And is that — just go through your analysis if it's indivisible. Absolutely. So I'll turn straight to the — if you — if this Court were to decide that the entire statute was divisible and that you could narrow down to the specific allegations in Mr. Lerma's — Wait, wait, wait. He's saying indivisible. Oh, you want indivisible. I'm happy to get there. Absolutely. That is exactly where I'd like to go. So if that's the case, then the categorical approach controls. And if the categorical approach controls, Mr. Lerma wins. The least culpable conduct is causing injury to a person over 65, and that falls squarely within this Court's binding injury versus force distinction. The government's only counter-argument is that Castleman and Voisine have abrogated that distinction, but — Well, but the least culpable way the offense could be committed would be just to commit robbery, wouldn't it? Well — The elements of robbery requires the use of force. So, I mean, one of these Texas cases said that what we really are looking at is robbery. What are the — use the categorical approach and see if the robbery elements match up with ACCA. Right. And we do have to look at the specific way that Texas defines robbery. And Texas makes a robbery causing injury either before, during, or after a theft. It doesn't have to be causing injury to make the person part with their property. That was the requirement before 1974 when the statute was amended. But now, since 1974, you can commit a stealthy theft and then on your way out cause injury to somebody, and that qualifies — Has that ever been charged in Texas? I don't have a case that I cited in my briefs for that proposition, Your Honor, but I'm happy to go find it. There are a multitude of cases where specifically, like, a person takes property from a department store and on the way out has an altercation with an officer walking in the parking lot or something that sees something amiss. And so the injury there didn't effectuate the taking. The taking has already happened. And that's what separates the Texas aggravated robbery statute. But the most important point is that this Court's precedent, and it was reaffirmed in Rico Mejia, says that causing injury is not using force. And so that's the ballgame. And Voisin and — and it specifically rejected the exact argument that the government makes that Voisin and Castleman have changed that. And so I'd like to talk really quickly about the reasons why that was a sensible holding the Rico Mejia Court came to. It was a very good holding. The Supreme Court expressly limited its decisions in Voisin and Castleman to that common type of force that was at issue in the misdemeanor crime of domestic violence definition. The ACCA, of course, involves violent force. And when the Supreme Court has expressly reserved whether or not its reasoning applies to the ACCA, then it can't have unequivocally overruled this Court's cases on it. And I think the best example of that is last year, this Court's en banc opinion in United States v. Gonzalez-Lingoria. For all the world, it looked like that Johnson controlled the analysis in United — or 18 U.S.C. 16B. But this Court recognized that when you have even minor differences in a statute's text and context, that that doesn't unequivocally overrule prior precedent or prior Supreme Court precedent. And that's — that's the exact principle here. And then I'd also like to address — Your Honor, if we are looking at subsection 2 of the statute, we've held that the federal bank robbery statute, the federal carjacking statute, they use the word intimidation if you do those crimes through intimidation. How is that really any different than the placing — and intimidation involves implied threats, not just actually an affirmative threat. Where's the space between intimidation with implied threats and placing another in fear? Because you seem to think placing another in fear is broader. Yes, Your Honor. The space in the joints there is that the robbery — the federal bank robbery statute, section 2113, I believe, requires the taking to be by intimidation. That means that the intimidation is the mechanism that the person gets the bank teller to part with the property. And so — and then the second thing is that in this Court's Brewer case that recently decided that issue, the Court recognized that intimidation is defined as conduct that is reasonably calculated to place another person in fear. And so we've pointed to the definition of threat that this Court stated in 2001 in United States v. Wyden has continued to apply in these force clause cases that requires an individual for something to qualify as a threat. It has to amount to an intended communication of a willingness to hurt somebody. And so that's what intimidation is, is it's — the federal bank robbery statute requires — If I understand — to put it in more concrete terms, what's an example of placing another in fear that you could be liable for under the Texas statute that would not involve the sort of communication you're talking about? The perfect example is the Howard case that we cite in our briefs. That individual walked into a convenience store and he ended up being very lucky. No one was there and the person who — the teller was in the back and actually searching on the Internet to watch the presidential debates back then. And so he saw him on the security monitor. The individual who walked in the store took the cashier's wallet and he took money from the cash register and he walked out. So in that instance, it wouldn't be federal bank robbery because he didn't, by And he didn't — and the Texas — the main point here is that Texas doesn't require the defendant's conduct to produce the victim's fear. And that's the difference, is that they're not conveying a message. They're not required to have proof that there was a message or the conduct was intended to tell this person, to convey to a person, I'm going to hurt you so you better do what I say. It's just not a requirement in the Texas statute. And that's the bottom — that is — you have to have that in order to qualify for a threat. And — One last question is about the relief your client is seeking. I think it was argued below, at least the government's position, that this whole thing is just about reducing his supervised release term because he's already served the custodial sentence for the ACCA. And I think there was a concurrent drug sentence. So even though he's now went on another drug sentence, the 15 years is something that can't be challenged now. Do you agree with that? I'm not exactly sure if that's the only thing that's at stake here. Certainly his term of supervised release would be illegal because it would be above the statutory maximum. He has served the ACCA sentence. The drug conviction was ordered to run in consecutive, so he is still in custody for the purpose of 2255. I'm not entirely sure, and I apologize for that, whether or not he could potentially seek some sort of credit to his sentence based on being re-sentenced under the lower five-year statutory maximum. I'm happy to look into that issue for Your Honors if it's important to the Court. But at the end of the day, there is something at stake here, and it's an illegal term of supervised release at a minimum. And so I'll — Let me just ask you one question, if I could, Chief. Why is threat involved here? Because if we use least culpable conduct, we would use the first clause, threaten — the use of force. If we get to threaten, that requires knowing of state of mind, which would be more culpable than just the use of force. So, I mean, in a categorical analysis, I don't see why threat would be involved. Your Honor, we don't think that there's a threat involved. We do think that the statute's indivisible, and you should confine your analysis to recklessly or intentionally knowingly or recklessly causing injury aggravated by the person's status over the age of 65. And then if you do drill down to the threat component of — But, I mean, if you just focus on robbery as — the elements of simple robbery being the least culpable way of committing this offense, you don't get to the subdivision of somebody over 65, do you? Well, no, but Mr. Lerma's convictions, Your Honor, were for aggravated robbery. So we do have to — we have the burden of demonstrating that Texas aggravated robbery categorically would not qualify as one that has, as an element, the use or threatened use of force or under the modified categorical approach. So we do have — and that's why we've gone through in our brief and explained the don't match up to the force clause, just like when you're just looking at the causing injury portion of the statute. Thank you, counsel. You have reserved time for rebuttal. All right. You may proceed. Good morning. May it please the Court. Jason Smith of the United States. As the parties agreed below and as the district court found, the Texas robbery statute is divisible. Woodard, which Mr. Lerma's counsel cited, stands for exactly the proposition that the government suggested and that the district court followed. The underlying Texas robbery statute prescribes two different offenses, and the way that the provides two separate underlying robbery offenses, robbery causing bodily injury and robbery by threat. Cite for that is 294 Southwest 3rd at 608. The government didn't argue below, and we're not arguing here, that the aggravators in and of themselves are divisible and supply the element of the use of force. So the question here is the divisibility of the underlying robbery statute. What do you say to Burton? I think Burton overreads Cooper. It is not the kind of decision that the Mathis court was talking about. Whenever the Mathis court said, sometimes the answer is easy. You have a state court decision that just tells you. In Mathis, the Supreme Court was dealing with an Iowa Supreme Court opinion, which explicitly said these two alternatives under the Iowa statute are different means and explicitly said jury unanimity is not required between those two. You don't. You can go ahead. I'm just going to ask you why we aren't looking at Cooper. Because Cooper doesn't answer that question either, and I. You said they were dealing with an Iowa Supreme Court opinion. Correct. And we're not dealing with the Texas Court of Criminal Appeals opinion. We are. It does not answer the questions of juror unanimity or the questions of elements. The actual. What does it stand for? The three paragraph opinion by the majority stands for the proposition that it violates double jeopardy to charge someone for both robbery by threat and robbery by injury in the same transaction. Because it's a single offense. Because it's a single offense, but that doesn't say anything about unanimity. And that doesn't answer the divisibility question. It does not, Your Honor. And that's clear because the way that the Texas Court of Criminal Appeals analyzes double jeopardy questions does not rely in this context on the elements of the offense. It relies on whether how many units of prosecution are authorized under the statute and how many units of prosecution were proven at trial. You're saying it depends on the actual. You can't be punished twice for the same discreet act. Is that the principle? I think that is generally the principle, Your Honor. But that doesn't necessarily answer the question of elements versus means. And Judge Cochran's concurrence in Cooper is really illustrative of that point. And the court will indulge me. There's a couple of sentences to read from that. Judge Cochran says, dual convictions for making the threat and then the immediate carrying out of that threat to harm an assault victim. And he's talking about assault because it is structured similarly to the robbery statute. Is not barred by the Blockburger same elements test because each subsection of the assault statute contains an element not contained by the other subsection. Bodily injury in subsection A1 and threatens in subsection A2. Judge Cochran is saying those are two separate elements. In the next sentence, Judge Cochran goes on to say, nonetheless, I agree with Presiding Judge Keller that the threat and bodily injury elements of assault and robbery are simply alternative methods of committing an assault or a robbery. And what that makes clear is that when the Texas Court of Criminal Appeals is talking about elements and methods, it is not using those terms in the mutually exclusive way that the matches. But you can have different elements of a single offense, can't you? You can have alternative elements of a single offense. Sure. You can have alternative means of committing the same offense, but a single offense could have more than one element. Isn't that right? Well, most I want to make sure I understand the court's question. Most offenses have multiple elements. All right. Some of them have alternative elements where you can either prove this one or that one. And that's what Mathis says a court has to figure out as its first step in deciding divisibility. Are these two alternatives alternative elements or are they rather alternative means? And given the conclusory nature of the majority opinion in Cooper and the way that Judge Cochran deals with the elements versus methods question, it's clear that this is not a like the Iowa Supreme Court did. These two things are just separate means and no unanimity is required. Let's say we disagree with that argument and we say it is indivisible. So you're looking at the whole statute. Where do you disagree with the defense's argument under Part 1? In light of Rico Mejia saying that we're keeping this force injury distinction. That's inconsistent with how this court handled Castleman and Voisin in Howell and in Mendez Enriquez, where it looked to Castleman and Voisin, which... And I saw your argument. Assume we're going to follow Rico Mejia, though. I understand your argument that Howell was the rule of orderliness. But if Rico Mejia controls, what do we do with Part 1 of the robbery statute? Causing bodily injury during the course of the robbery. Then I think you look to Brewer and the discussion there of the fact that these sorts of far fetched harms like poisoning, tricking someone into backing their car out into traffic are not the kinds of are not applicable in the robbery context where you're talking about an immediate harm. That those sorts of things just don't... That they're hypothetical, not actually prosecuted. Did you argue that anywhere in your briefer below? Well, we didn't argue it below because there was an agreement that the statute was divisible, so it never would have come up. And we didn't argue it here because, as Mr. Larimer's counsel indicated, that isn't something that they briefed here either, that the bodily injury prong fails because it can be satisfied through one of... I mean, there's no type... There's never been a Texas prosecution for robbery under those theories of poisoning or... I don't know of any. There's a 1907 case that's cited in Appellant's brief. Williams? Williams. That case is not prosecuted on a theory that poisoning somehow satisfied the force element of the robbery. I mean, when you look at the facts, though, the bartender who was trying to steal the guy's money actually put his hand in the guy's pocket, and he resisted that. And I don't see where that's an indirect force at all. And that's exactly what the Texas Court of Criminal Appeals held at the time. First, the force element under that statute was different than the force element under the current statute that was either the 1879 or 1895 version of the robbery statute in Texas, where the force element required is showing that by assault or violence or putting in fear of life or bodily injury, somebody fraudulently took from the person or possession of another their property with the intent to convert it. And as you point out, Judge Davis, the Court of Criminal Appeals found sufficient evidence the defendant had laid his hand on the victim without his consent for an evil purpose. So the poison played no part in that. I mean, this was more than, to me, more than offensive touching. I mean, he actually ran his hand in the guy's pocket, and he pushed against it and trying to keep him from getting his money. There's a pretty lengthy description of that. And again, that's got, we would argue, at best limited and more likely no bearing on how the current force element is interpreted under the separate statute, which requires— I mean, isn't the test that you have to show a reasonable probability that a state would prosecute such an offense, one of the hypothetical offenses, before you can count it? Yes. It takes more than legal imagination. There has to be a reasonable probability that that sort of— And one way you've determined that is you look at the jurisprudence and see if they've ever done it. Correct, Your Honor. Our cases seem inconsistent in, like Enrico Mejia, there's no discussion of that. Do you have any sense of why some of the cases certainly look at this, whether it's hypothetical or real, or in some just discuss the elements of the statute and say it's too broad? I don't, Your Honor. Some of that may have to do with the briefing. And sometimes in a case like Brewer, which I understand you guys are going to argue in the case and you don't agree with this on divisibility, I think Brewer actually controls if this court finds that the statute is divisible. In Brewer, the question was whether intimidation, which is putting someone in fear of bodily injury, is sufficient to satisfy the force element. And this court found that it was. That really mirrors the Texas threat or placing in fear statute or element under the robbery statute. What about his example with the case where the person actually wasn't—was in the back room, that there was no affirmative intimidation there? That misreads Howard. The person didn't just walk into a convenience store and take a wallet off the counter. The person walked into a convenience store at night, aggressively brandishing a rifle and wearing a mask. All of those things are implicit threats, particularly in the context of walking into a convenience store late at night. That decision in Howard is on a different point, which is does there have to be an actual physical confrontation between the victim and the defendant? And the court found that there didn't. But they explicitly found that that conduct was threatening. And it is under any reasonable reading of a threat. The other point that I would like to make is that it was agreed that the statute was divisible below. The district court never had a chance to pass on the new argument that this should be analyzed under just the categorical approach. The court went through all of the steps that it could be expected to reasonably do. Mathis says the first step is determined divisibility. The court did that by asking the parties. It went to a Texas Court of Criminal Appeals ex parte Denton decision, which laid out the elements of aggravated robbery by threat. And it did that in the context of a double jeopardy analysis to see whether dual convictions for aggravated robbery and aggravated assault violate the Blockburger test. And in that context, Texas courts apply the Blockburger test rather than the units of the Blockburger test. So there, the question is squarely before the Texas Court of Criminal Appeals to decide what are the elements of this offense. And it lists threat as one of the elements of that offense. It ultimately finds that there's a double jeopardy problem between those two convictions because the aggravated assault is a lesser included offense of the aggravated robbery. Ex parte Denton clearly says, here are the elements of the offense before you, district court, and it's a decision from the highest court in the state making that proclamation. The district judge here was eminently reasonable in relying on that rather than the sort of multi-step analysis that you have to go through with Cooper and Burton, which doesn't come to the same conclusion. Let me ask you this. In the plea agreement, didn't the defendant agree or he knew or it was agreed that he'd be sentenced under the ACCA? Did he not? He did. There was an amended plea agreement that came in that took that into account after the qualifying convictions were found. At that time, of course, the residual clause still existed in the ACCA. So that was accurate at the time. I mean, does that play into whether there was a forfeiture of the objection? I don't think it does, Your Honor, because the objection at that point would have been frivolous because the Texas robbery convictions would have qualified under the residual clause, even if they didn't have as an element the use or attempted use or threatened use of physical force. I mean, it seems like everybody agreed at the time of the plea agreement that, I mean, implicit agreement that robbery did qualify. I think that's right. And I think that's because at the time, the operative definition for a violent felony was broader under the ACCA. So the government's not pressing that? We're not pressing that. We're not pressing the appellate waiver either. If the court doesn't have any further questions, I'll be happy to yield my time. All right. Thank you, counsel. Rebuttal. All right. So to start out just really quickly to respond to the government's position on divisibility, I'd like to point out to the court that the government has conceded that deadly weapon is no longer in play in this case. And so we have briefed and explained extensively why the presence of the deadly weapon doesn't create an implicit fear or threat of force in this case, but the government, by acknowledging at least that the aggravators are indivisible, has conceded that you cannot narrow the offense based on the particular use and exhibition of a deadly weapon aggravator. In fact, we are happy to the extent that the court doesn't think that Burton represents law in the state of Texas to rely on Woodard because Woodard does establish that the aggravators at least are indivisible. But I would like to point out to the court that the dissent in Cooper advocated the very reasoning that Woodard relied on to say that the underlying robbery alternatives are separate offenses with separate elements. And that was— You're devoting a lot of attention to the divisibility question. So is that because you see part one of the statute, the causing injury, as much more problematic for the government than the part two, placing in fear, which your client was convicted of? No. I mean, if we go to the threat or fear, really, if as long as— Okay, I should have made this clear in my opening, and so I'm glad that you asked it, Judge Costa. So if Castleman and Voisin have not abrogated the injury force distinction, you don't need to even address placing in fear because a threat to cause injury is not a threat to cause force. And that's exactly what Rico Mejia held in the Arkansas terroristic threatening statute. A threat to injure is not a threat to force. So Mr. Lerma wins as long as those cases have not been abrogated. But if we agree with you it's not divisible, then is the focus solely on part one? Then you're pressing part one is what makes the statute as a whole? Yes, that would be—I mean, it would just be the causation of bodily injury aggravated by the person's status as over the age of 65 or disabled. And so that's— How do you respond to their argument that there aren't Texas cases actually showing a distinction between using force and causing injury? I can, Your Honor. And what I want to say first of all is the reasonable probability test doesn't apply in the force clause context. It's never been held to, and it shouldn't because the elements clause means what it says unless it has to be impossible to obtain a conviction without proof of the use of force. And the analysis isn't the type that lends itself to that reasonable probability test that the Court looked at in Castillo-Rivera. And I'd also argue that the reason— You're saying that applies more when it's is this burglary, is this assault? Yes, Your Honor. Is it a match to the contemporary generic meaning?  I wish I had said it that easily. I don't know. I'm just trying to make sure we're on the same page. Yes, Your Honor. But then either way, Esquivel-Quintana recently decided in the generic offense context that a statute was non-generic without going into whether or not there was a case or a reasonable probability. It just said it's brought on the face of the statute, you've shown something special, cited to Duenas-Alvarez in that very sentence, and then moved on. So we don't think that that requirement of showing a case is one that's in play here. I would like to address Judge Davis or the discussion of Brewer and intending to place someone in fear. That's the difference that we're saying, is that by intimidation means that the person's conduct is calculated to cause fear in a victim. And, Howard, it's true, all of the things that that individual did, going around the house, those create an implicit threat in the observer. But a jury in Texas doesn't have to find that the defendant intended his conduct to convey a threat. And I would submit that a person cannot, his conduct can't be reasonably calculated to cause fear in a person he doesn't know exists. And that is what the Texas Court of Criminal Appeals said, and, Howard, there is no evidence that the defendant was aware of the cashier's presence. So it's hard for me to imagine that somebody could be intending to convey a message of force to a hypothetical person that they don't even know is present in the room, or that that should qualify under the force clause. And then, Your Honors, if you see that my time is up, I'll submit the case. All right. Thank you, Counsel. The court will take this matter under advisement.